# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

CARLOS GONZALEZ OCASIO, et al.,

    Plaintiffs,

        v.

OMAR ALFANO, et al.,

    Defendants.

**Civil No. 07-1617 (GAG)(JA)**

## OPINION AND ORDER

Plaintiffs Carlos González Ocasio, Karim Colón, and the legal conjugal partnership comprised by them ("plaintiffs"), filed this action, alleging that Defendants, Omar and Carmen Alfanno, their conjugal partnership, EMOA Music Publishing, and SONY DISCOS INC. d/b/a Sony Music Publishing LLC, infringed their copyrights through the unauthorized commercial use of the song "Cuando una Mujer." Co-defendants, Omar Alfano, Carmen Alfano, and EMOA Music Publishing ("co-defedants"), move to dismiss this action for lack of subject-matter jurisdiction, for failure to state a claim upon which relief can be granted, and for plaintiff's laches. After reviewing the pleadings and pertinent law, the court **DENIES** co-defendants' motions to dismiss (Docket Nos. 67 & 68).

**I.  Standard of Review**

Under Rules 12(b)(1) and 12(b)(6), a defendant may move to dismiss an action against him for lack of federal subject-matter jurisdiction or for failure to state a claim upon which relief can be granted. See Fed. R. Civ. P. 12(b)(1); Fed. R. Civ. P. 12(b)(6). When considering a motion to dismiss, the court must decide whether the complaint alleges enough facts to "raise a right to relief above the speculative level." See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007). The court accepts as true all well-pleaded facts and draws all reasonable inferences in the plaintiff's favor. See id.; Parker v. Hurley, 514 F.3d 87, 90 (1st Cir. 2008).

## II.   Factual & Procedural Background

Around 1999, Plaintiff Carlos González Ocasio composed a song entitled "Cuando una Mujer." In July of 1999, he registered the song's copyrights with the United States Copyright Office and registration became effective in September of that year. Docket No. 3 ¶ 12. The title of the registered work, as it appears in the certificate of registration, is "Los Tintinos #2" and contains the previous or alternative titles: "Desperté," "Desde que tú estás aquí," "Hechizada," "Tú espíritu," "Cuando una Mujer," "Pensando en tí," Aprender," "Lágrimas," "Amor o Infierno," "Tú Tienes Algo," "Llévate mi corazón," and "Que raro es el amor a veces." Docket No. 67-2.

After Plaintiff registered the song's copyrights, he submitted a sample of "Cuando una Mujer" to Defendants. Id. at ¶ 13. In May of 2000, Defendants distributed a CD which included a song substantially similar to Plaintiff's song ("infringing song"). The infringing song was also entitled "Cuando una Mujer." The CD represents that Omar Alfanno wrote the infringing song and owns the copyrights. Id. at 14. Defendants have re-released and licensed the infringing song in at least thirteen musical productions, including a CD released on August 21, 2007. Id. at ¶ 16. From 2000 to the present, Defendants have profited from Plaintiff's song without his permission and without compensating him. Id. at ¶¶ 19-21.

Plaintiff initiated his copyright infringement suit against Defendants on July 10, 2007. See Docket No. 1. On May 6, 2008, the court granted in part and denied in part co-defendants Omar and Carmen Alfanno's motion to dismiss (Docket No. 18) on statute of limitations grounds. The court dismissed the copyright infringement claims that accrued prior to July 10, 2004, but determined that plaintiffs could recover for claims that accrued after that date, adopting the rationale of the Second Circuit that each act of copyright infringement is a distinct harm that gives rise to an independent claim for relief. See Docket No. 26 (citing Stone v. Williams, 970 F.2d 1043, 1049-50 (2d Cir. 1992)). On October 27, 2008, after various procedural events, co-defendants presented a motion to dismiss for lack of jurisdiction and/or failure to state a claim. See Docket No. 67. Subsequently, on November 6, 2008, co-defendants submitted a motion to dismiss for plaintiff's laches. See Docket No. 68. Plaintiffs opposed these motions on November 10, 2008 and November 24, 2008, respectively. See Docket Nos. 70 & 74.

## III.   Discussion

### A.   Copyright Registration

To establish copyright infringement under the Copyright Act, "two elements must be proven: (1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." Feist Publ'ns, Inc. v. Rural Tel. Serv. Co., 499 U.S. 340, 361, 111 S.Ct. 1282, 113 L.Ed.2d 358 (1991); Lotus Dev. Corp. v. Borland Int'l, Inc., 49 F.3d 807, 813 (1st Cir. 1995 (collecting cases)). The plaintiff bears the burden of proof as to both elements. Grubb v. KMS Patriots, L.P., 88 F.3d 1, 3 & 5 (1st Cir.1996). Copyright ownership is shown by proof of originality and copyrightability in the work as a whole and by compliance with applicable statutory formalities. CMM Cable Rep, Inc. v. Ocean Coast Props., Inc., 97 F.3d 1504, 1513 (1st Cir.1996). Moreover, Copyright registration is a jurisdictional prerequisite to bringing an action for infringement under the Copyright Act. See 17 U.S.C. §411(a). "Once the plaintiff produces a certificate of copyright, which constitutes prima facie evidence of copyrightability in judicial proceedings, the burden shifts to the defendant to demonstrate why the claim of copyright is invalid." CMM Cable, 97 F.3d at 1513 (1st Cir. 1996) (citing 17 U.S.C. § 410(c); Lotus, 49 F.3d at 813; Folio Impressions, Inc. v. Byer California, 937 F.2d 759, 763 (2d Cir.1991)).

In their motion to dismiss for lack of subject-matter jurisdiction or failure to state a claim, co-defendants allege that Plaintiff Carlos González Ocasio registered his song "Cuando una mujer" as part of a compilation named "Los Tintinos #2," comprising a collection of musical and lyrical works. As such, they argue that González's registration of this collective work only protects the arrangement of the compiled works and not the underlying works or individual songs contained therein. Co-defendants aver that if plaintiff wished to file suit for infringement as to the individual work "Cuando una Mujer," he had to register each song separately.

The court disagrees with co-defendants' interpretation of plaintiffs' certificate of copyright. The law allows authors to obtain copyright protection for individual works listed within a single registration for a group of related works. Under the Copyright Act, "regulations may require or permit . . . a single registration for a group of related works." 17 U.S.C. § 408 (c)(1). The Copyright Office has, in turn, regulated in this respect and determined that, in the case of unpublished works,

**Civil No. 07-1617 (GAG)(JA)**                                4

"[f]or the purposes of registration on a single application and upon payment of a single registration fee . . . all copyrightable elements that are otherwise recognizable as self-contained works, and are combined in a single unpublished 'collection,'" shall be considered a single work. 37 C.F.R. §202.3 (b)(4)(i)(B).[1] This type of registration is valid if "(1) [t]he elements are assembled in an orderly form; (2) [t]he combined elements bear a single title identifying the collection as a whole; (3) [t]he copyright claimant in all of the elements, and in the collection as a whole, is the same; and (4) [a]ll of the elements are by the same author . . ." Id. Such registration of an unpublished "collection" "extends to each copyrightable element in the collection," as well as to "the authorship, if any, involved in selecting and assembling the collection." Id. In this case, all of the requisites are present for the valid registration of each of the copyrightable elements that comprise the collection "Los Tintinos #2," including " Cuando una Mujer," under a single application and registration fee.

Co-defendants attempt to portray the collection "Los Tintinos #2" as a *compilation* of pre-existing works in order to limit the copyright protection of the certificate of registration to the selection, coordination, or arrangement of the separate, pre-existing materials included in the compilation. Under the Copyright Act, the copyright in a compilation "extends only to the material contributed by the author of such work, as distinguished from the preexisting material employed in the work, and does not imply any exclusive right in the preexisting material." 17 U.S.C. §103 (b). However, the Act defines a compilation as "a work formed by the collection and assembling of *preexisting* materials . . . that are selected, coordinated, or arranged in such a way that the resulting work as a whole constitutes an original work of authorship." 17 U.S.C. §101 (emphasis added). Here, the collection is comprised of previously unpublished, original works by the same author, registered under a single title for reasons of convenience and as allowed by the applicable regulations. While the case law in the First Circuit is silent on this issue, other courts have found that registration of a collection extends copyright protection to each copyrightable element in the

---

[1] The Copyright Office has also published circulars to offer guidance on this particular which reiterate the rules set forth in 37 C.F.R. §202.3. See, e.g., Circular 50, http://www.copyright.gov/circs/.

collection, in situations less favorable to the registrant than in the present case. See Szabo v. Errisson, 68 F.3d 940, 942 (5th Cir. 1995) (finding that "a copyright of a collection of unpublished works protects the individual works that are copyrightable, regardless of whether they are individually listed on the copyright certificate"); Educ. Testing Servs. v. Katzman, 793 F.2d 533, 539-40 (3rd Cir. 1986) (since the statute provides that the copyright in a compilation "extends only to the material contributed by the author of such work," the fact that registrant denominates the material a compilation does not in itself signify that the constituent material is not also covered, where the registration states that the entire compilation is authored by the registrant). As such, the court finds that the individual songs listed in the copyright certificate under the title "Los Tintinos #2," including "Cuando una Mujer," are covered by the copyright certificate proffered by plaintiff.

**B.    Laches**

The First Circuit is silent as to whether laches applies to claims under the Copyright Act. The Fourth Circuit has held that, because laches is a judicially created doctrine, whereas statutes of limitations are legislative enactments, separation of powers principles prohibit the application of laches to such claims. Lyons Partnership, L.P. v. Morris Costumes, Inc., 243 F.3d 789, 797 (4th Cir.2001). However, the majority of circuit courts that have addressed the issue have subsequently applied laches to such claims. See Chirco v. Crosswinds Communities, Inc., 474 F.3d 227, 236 (6th Cir. 2007); Estate of Burne Hogarth v. Edgar Rice Burroughs, Inc., 342 F.3d 149, 165 (2d Cir. 2003); Jacobsen v. Deseret Book Co., 287 F.3d 936, 949 (10th Cir. 2002); Danjaq L.L.C. v. Sony Corp., 263 F.3d 942, 951 (9th Cir. 2001); see also TMTV Corp. v. Pegasus Broadcasting of San Juan, 490 F. Supp. 2d 228, 234-235 (D.P.R. 2007). This court follows the majority of circuit courts and recognizes the applicability of laches to Copyright Act claims, but holds that co-defendants have not met their burden in proving that plaintiffs' claims are barred under the doctrine of laches.

In determining whether laches applies, the court must ask whether the plaintiff's delay in bringing suit was unreasonable, and whether the defendant was prejudiced by the delay. In re Bankvest Capital Corp., 375 F.3d 51, 61 (1st Cir. 2004). If a plaintiff files a complaint within the analogous statutory period, the burden of proving unreasonable delay and prejudice falls on the defendant. Id. at 61. Here, although the complaint was filed on July 10, 2007 (Docket No. 1), seven

**Civil No. 07-1617 (GAG)(JA)**                               6

years after co-defendants' first publication of the infringing song in May of 2000, this court has already determined that plaintiff can recover for claims that accrued within three years of filing suit. See Docket No. 26 at 3-4 (citing Bruce v. Weekly World News, Inc., 310 F.3d 25, 27-28 (1st Cir. 2002) (allowing plaintiff to collect damages on timely copyright infringements even though initial infringements fell outside of statute of limitations). Thus, plaintiffs' claims that accrued after July 10, 2004 fall within the statutory period of three years established by the Copyright Act, 17 U.S.C. § 507(b), and it is co-defendants' burden to prove unreasonable delay and prejudice. Nevertheless, co-defendants make no precise allegation of evidentiary prejudice, aside from asserting that there are material witness that cannot be reached by now because their destination is unknown and that, because the controversy is related to a mass media product, it would be "an excruciating task" to change the credits on every CD sold, revert all licenses granted by co-defendants, and diffuse all of the representations made by co-defendants to third parties regarding the infringing song. Docket No. 69 at 5. Co-defendants' conclusory allegations are insufficient to prove prejudice, and the motion to dismiss must be denied.

**III.    Conclusion**

For the forgoing reasons, the court **DENIES** co-defendants' motions to dismiss (Docket Nos. 67 & 68).

**SO ORDERED**.

In San Juan, Puerto Rico this 29th day of December, 2008.

*S/Gustavo A. Gelpí*

GUSTAVO A. GELPÍ
United States District Judge